**In re the Marriage of Helmut KLINGENSCHMITT,**
petitioner,

**Appellant,**

v.

**Michelle Lynn KLINGENSCHMITT,**
Respondent.

No. C5–98–398.

Court of Appeals of Minnesota.

June 30, 1998.

*versed on other grounds,* 380 N.W.2d 791 (Minn.     1986).

Helmut Klingenschmitt, Inver Grove Heights, appellant pro se.

Michelle Klingenschmitt, Cottage Grove, respondent pro se.

James C. Backstrom, Dakota County Attorney, Vance B. Grannis, III, Assistant County Attorney, Hastings, respondent Dakota County.

Considered and decided by DAVIES, P.J., and CRIPPEN and HARTEN, JJ.

## OPINION

HARTEN, Judge.

Appellant Helmut Klingenschmitt challenges the decisions of an administrative law judge (ALJ) setting the amount of his ongoing child care obligation and, in the absence of a motion, ordering that he must contribute toward the child care expenses of respondent Michelle Klingenschmitt. The ALJ determined that appellant's child care obligation, previously terminated at the request of respondent, renewed automatically without a motion by respondent when respondent resumed working and returned the parties' children to daycare. The ALJ then determined appellant's ongoing obligation by applying a monthly average. We affirm in part and reverse in part.

## FACTS

In 1993, appellant and respondent dissolved their marriage. Appellant was required to pay child support and 37% of the child care expenses. In March 1996, when respondent was laid off from her job, she notified the Dakota County child support office that she was at home with the children and was not incurring child care expenses. The county stopped collecting child care expenses from appellant.

In July 1996, respondent secured new employment and notified the county that she was again incurring child care expenses. The county informed her that once a child care contribution is terminated, an obligee must file a motion to reinstate the child care expense obligation.

In the autumn of 1997, respondent sought to modify appellant's child support obligation. An ALJ increased appellant's monthly child support obligation from $633 to $709 and held that respondent was not required to file a motion to reinstate appellant's child care

expense obligation. The ALJ determined that appellant owed respondent child care expense reimbursement retroactive to July 1, 1996, payable in monthly installments of $141.80 in addition to $46.71 in ongoing monthly child care expense payments.

Respondent and the county sought amended findings of fact and conclusions of law. The ALJ changed the monthly ongoing child care expense payment to $78.98 and reaffirmed the conclusion that respondent was not required to file a motion to reinstate appellant's child care expense obligation. This appeal followed.

## ISSUES

1. Did the ALJ abuse its discretion in setting a definite amount for ongoing child care contribution payments?

2. Was respondent required to formally move for reinstatement of appellant's terminated obligation to contribute toward monthly child care expenses?

## ANALYSIS

**■ 1. Daycare Obligation: Monthly Amount.** Appellant contends that the district court should not have imposed a definite ongoing monthly child care obligation of $78.98. Instead, he asserts that the court should have imposed a verified monthly amount subject to variation considering school vacation periods and actual child care costs, which fluctuated depending on the time the children actually spent in day care.

**■** Interpretation of statutes is subject to de novo review. *Bol v. Cole*, 561 N.W.2d 143, 146 (Minn.1997).

The statute governing child support payments provides that

> [i]f child care expenses fluctuate during the year because of seasonal employment or school attendance of the obligee or extended periods of visitation with the obligor, the court shall determine child care expenses based on an average monthly cost.

Minn.Stat. § 518.551, subd. 5(b)(2)(ii)(E) (1996). The statute plainly contemplates a definite amount of monthly child care ex-

pense payments based upon a monthly average, rather than variable amounts as sought by appellant.

Here, the ALJ determined the average monthly cost of child care to be $213.48. The ALJ noted that the 1993 judgment required appellant to pay 37% of child care expenses, which amounts to $78.98.

The ALJ correctly applied the law and interpreted the parties' judgment to determine the amount of appellant's monthly child care contribution.

**■ 2. Reinstatement of Child Care Contribution.** Appellant contends that his obligation to contribute to child care expenses ended when respondent notified the county that she was no longer incurring child care expenses and that the obligation was not automatically reinstated upon respondent's notice to the county that her child care expenses had resumed.

The child support statute provides in relevant part:

> The amount allocated for child care expenses terminates when either party notifies the public authority that the child care costs have ended and without any legal action on the part of either party. The public authority shall verify the information received under this provision before authorizing termination. The termination is effective as of the date of the notification. In other cases where there is a substantial increase or decrease in child care expenses, the parties may modify the order under section 518.64.

*Id.*

Here, respondent notified the public authority, the Dakota County child support office, that she was no longer incurring child care expenses. Thereupon, the county stopped collecting a child care contribution from appellant. The ALJ concluded that respondent's notification did not terminate the child care obligation. This conclusion ignores the plain meaning of the statute. *See id.* (stating that the obligation terminates upon notice). Respondent's notification communicated to the county that her child care expenses had stopped and was thus sufficient to terminate the obligation.

Section 518.551, subdivision 5(b)(2)(ii)(E) allows termination of child care contribution without formal legal action, but the statute does not indicate that mere notification of resumption of child care expenses is sufficient without formal legal action to restart an obligation to pay child care expenses.

The Minnesota Department of Human Services publishes a child support enforcement division manual setting forth the requirements and guidelines for operating a child support enforcement program under Title IV–D of the Social Security Act. At section 7.1.4.5, the manual provides that "[i]f child care costs were terminated but resume at a later date, notify the parties that the child care will not resume without a modification of the order." The ALJ disregarded the manual, considering it purely advisory.

In *Doe v. State Dept. of Pub. Welfare,* 257 N.W.2d 816 (Minn.1977), the supreme court addressed the authority of a similar manual published by the state welfare department to guide physicians in administering a medical assistance program. The court noted that although the handbook's provisions were advisory in nature and did not have the effect of law, the provisions approached the status of the formal rule of law of the agency when used by an agency to justify its determination in a particular case. *Id.* at 819.

Here, the county relied on the provision in the manual; as in *Doe,* the provision "approaches" the status of an agency rule. Additionally, section 518.551, subdivision 5(b)(2)(ii)(E) explicitly makes legal action unnecessary to terminate a child care obligation, but does not likewise exempt resuming the obligation from a similar requirement. This suggests a legislative intent that the informal notification option applies only to termination of the obligation.

We conclude that resuming a terminated child care obligation requires a motion, rather than mere notification to the public authority.

### DECISION

The ALJ correctly determined the amount of appellant's ongoing monthly child care expense obligation by using a monthly average of actual child care expenses. The ALJ erred when it determined that respondent was not required to file a motion to reinstate appellant's terminated monthly child care expense obligation.

**Affirmed in part and reversed in part.**